# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DENISE BOWERS**, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 08-185 |
| | : |
| **CITY OF WILMINGTON,** a municipal Government; **MONICA GONZALEZ GILLESPIE**, individually and in her official capacity as the Director of Personnel for the City of Wilmington; and **FRANKLIN AMPADU**, **M.D.**, individually and in his official capacity as the Police Surgeon for the City of of Wilmington, | : |
| | : |
| Defendants. | : |

## ANSWER OF DEFENDANTS CITY OF WILMINGTON, MONICA GONZALEZ GILLESPIE AND FRANKLIN AMPADU, M.D.

Defendants, City of Wilmington ("City"), Monica Gonzalez Gillespie ("Gonzalez Gillespie") and Franklin Ampadu, M.D. ("Ampadu") (collectively "Defendants"), by and through their undersigned attorney, state for their Answer to the Complaint of Denise Bowers ("Bowers" or "Plaintiff"), as follows:

1. Denied.

2. Denied.

3. Paragraph 3 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 3 are denied.

4. Admitted.

5. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides and therefore denies that averment. It is admitted that Plaintiff was employed as a police officer at the time of her termination.

6. It is admitted only that the City is a municipal government. The balance of the allegations contained in paragraph 6 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the remaining allegations of paragraph 6 are denied.

7. Admitted.

8. Denied as stated. It is admitted only that Ampadu is the City Physician and that he participated on the board of physicians that evaluated Plaintiff to determine if she was physically fit to return to duty. The balance of the allegations of paragraph 8 refers to the written terms of a document and is therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

9. Paragraph 9 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 9 are denied.

10. Admitted.

11. It is admitted that Plaintiff purportedly sustained an injury. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in paragraph 11 and therefore deny them.

12. The allegations of paragraph 12 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

13. Denied.

14. The allegations of paragraph 14 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

15. The allegations of paragraph 15 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents. By way of further answer, it is specifically denied that Plaintiff suffered emotional distress.

16. The allegations of paragraph 16 refer to the written terms of documents and are therefore denied as stated. Defendants respectfully refer the Court to the documents for their complete and accurate contents.

17. The allegations of paragraph 17 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents. By way of further answer, it is admitted that Plaintiff attended a medical examination upon request.

18. The allegations of paragraph 18 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

19. The allegations of paragraph 19 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents. By way of further answer, it is specifically denied that Plaintiff suffered emotional distress.

20. The allegations of paragraph 20 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents. By way of further answer, it is specifically denied that Plaintiff suffered emotional distress.

21. The allegations of paragraph 21 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

22. The allegations of paragraph 22 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents. By way of further answer, it is specifically denied that Plaintiff was unaware that the evaluation by Dr. Stephens was performed to determine if Plaintiff should be retired.

23. Denied.

24. Admitted in part, denied in part. It is admitted only that Plaintiff was placed on involuntary retirement. The balance of the allegations of paragraph 24 is denied.

25. The allegations of paragraph 25 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

26. Denied.

27. The allegations of paragraph 27 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

28. The allegations of paragraph 28 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

29. Denied.

30. Denied as stated. It is admitted only that the hearing was rescheduled and that Plaintiff's termination status was unchanged.

31. Admitted in part, denied in part. It is admitted only that Plaintff appeared before the Police Pension Board and presented her opposition to the involuntary retirement. The balance of the allegations is denied.

32. The allegations of paragraph 32 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

33. The allegations of paragraph 33 refer to the written terms of a document and are therefore denied as stated. Defendants respectfully refer the Court to the document for its complete and accurate contents.

34. Admitted in part, denied in part. It is admitted only that Plaintiff is retired. The balance of the allegations is denied.

35. Paragraph 35 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 35 are denied.

36. Paragraph 36 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 36 are denied.

37. Denied (including all subsections).

38. Denied.

39. Denied.

With respect to the paragraphs at the conclusion of the Complaint constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief could be granted.

2. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate the damages she alleges to have suffered.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, delay, acquiescence, ratification, waiver and estoppel.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands.

5. Plaintiff's claims may be barred by the collateral source doctrine.

6. The actions and conduct of the Defendants were objectively reasonable and, as such, the Defendants enjoy qualified immunity from all liability.

7. The actions and conduct of the Defendants did not violate any clearly established Constitutional or Federal statutory rights of which the Defendants reasonably should have been aware, thereby entitling the Defendants to qualified immunity.

8. Plaintiff's claims are barred by the doctrine of absolute immunity.

9. The actions and conduct of the Defendants, to the extent they occurred as alleged, did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights.

10. To the extent that Plaintiff may have been injured, the Defendants were not the proximate cause of any such injuries.

11. Plaintiff's claim is barred because she failed to exhaust all administrative remedies available to her.

12. Plaintiff's request for punitive damages should be denied because the conduct alleged in the Complaint does not justify such an award.

13. Plaintiffs cannot show an official policy, practice, procedure or custom sufficient to support a finding of municipal liability.

14. The individual Defendants are not policymakers.

15. Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by any of the individual Defendants, even if true.

16. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

17. Plaintiff's claims must be denied because the individual interests asserted by Plaintiff are not encompassed within the Fourteenth Amendment's protection.

18. Plaintiff's claims must be denied because the procedures made available to Plaintiff provided her with due process of law.

19. Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et. seq*.

20. Defendants reserve the right to add, amend, clarify or modify their defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

**DATED:**     May 21, 2008                    CITY OF WILMINGTON

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendants